**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 09-4198**

---

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

BARRY WILLIAMS,

              Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:08-cr-00385-REP-1)

---

Submitted: August 31, 2009     Decided: September 24, 2009

---

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Steven P. Hanna, Richmond, Virginia, for Appellant. Dana J. Boente, Acting United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Meagan A. Mihalko, Third Year Law Student, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Barry Williams was convicted of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Williams argues that the district court erred in denying his motion for judgment of acquittal. According to Williams, there was no evidence that the gun he used to threaten the victim with was the same gun recovered by officers in the nightclub bathroom. Finding no error, we affirm the judgment of the district court.

This court reviews a district court's decision to deny a Rule 29 motion de novo. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). Where, as here, the motion is based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Midgett, 488 F.3d at 297. "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Delfino, 510 F.3d 468, 471 (4th Cir. 2007) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's

failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotations omitted).

To convict a defendant of a § 922(g)(1) violation, the Government must prove: (1) that the "defendant was a convicted felon at the time of the offense," (2) that he "voluntarily and intentionally possessed a firearm," and (3) that "the firearm traveled in interstate commerce at some point." United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). At trial, Williams stipulated that he was a convicted felon on the date of the offense and that the firearm found in the restroom had traveled in interstate commerce. Thus, the only issue was whether he possessed the firearm found in the restroom.

Viewed in the light most favorable to the Government, the direct and circumstantial evidence was more than sufficient to establish that Williams possessed the firearm found in the restroom. At trial, the victim and his wife testified that they observed Williams in a well-lit area possessing a gun. The victim testified that Williams pulled the firearm out of his waistband and pointed it at his head, and the victim's wife, who was employed as a security guard, recognized that the gun was a .45 caliber handgun. Both witnesses were able to give an accurate description of Williams to the police. Additionally, the two responding officers testified that Williams was the only person fitting the victims' description, and one of the officers

3

testified that, after he made eye contact with Williams, Williams got up, walked toward the restroom area, and entered the women's restroom. As Williams left the women's restroom, one officer secured him, and the other officer entered the restroom and discovered the firearm resting on top of the garbage in the garbage can. The victims then identified Williams as the assailant who had brandished the firearm.

We find that a rational finder of fact could reasonably conclude that the firearm found in the restroom was the same firearm brandished by Williams. The district court, therefore, did not err in denying Williams' motion for judgment of acquittal. Accordingly, we affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>